**LAW OFFICES OF WILLIAM DENNIE COOK, P.C.**
P.O. Box 1
Eagle River, Alaska 99577-0001
Tel: (907) 694-2000
Fax: (907) 694-2024
*Attorneys for Plaintiff*
Our File No.: 117559

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**
**ANCHORAGE DIVISION**

| | |
|---|---|
| Keith James Lange, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>    vs.<br><br>Professional Account Services, Inc.,<br><br>         Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Keith James Lange, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Professional Account Services, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") and the Alaska Unfair Trade Practices and Consumer Protection Act, AS § 45.50.471, *et seq.* ("The Alaska Act").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

1

Barshay Sanders PLLC

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of Alaska.

## PARTIES

5.      Plaintiff Keith James Lange is an individual who is a citizen of the State of Alaska residing in The Third Judicial District, Alaska.

6.      Plaintiff is a natural person allegedly obligated to pay a debt.

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and AS § 45.50.561(a)(4).

8.      On information and belief, Defendant Professional Account Services, Inc. ("PAS"), is a Tennessee Corporation with a principal place of business in Williamson County, Tennessee.

9.      PAS regularly collects or attempts to collect debts asserted to be owed to others.

10.     PAS is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.     The principal purpose of PAS's business is the collection of such debts.

12.     PAS uses the mails in its debt collection business.

13.     PAS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14.     PAS is an "independent debt collector" subject to The Alaska Act.

## ALLEGATIONS

15.     Plaintiff was involved in a motor vehicle collision on October 12, 2016.

16.     On that same date, Plaintiff was treated at Mat-Su Regional Medical Center ("MSRMC") in Palmer, Alaska, for injuries resulting from the collision.

17.     As a result of Plaintiff's treatment at MSRMC, Plaintiff incurred certain medical bills totaling $7,282.84 ("the Debt").

18.     At an exact time known only to PAS and MSRMC, the Debt was assigned or otherwise transferred to PAS for collection.

19.     On or about January 10, 2017, on behalf of MSRMC, PAS recorded a Notice of Hospital Lien for $7,282.84.

2

20.     Pursuant to AS § 34.35.460, PAS was required to serve a copy of the notice of lien by registered mail, at the last known address, upon the person alleged to be responsible for causing Plaintiff's injury and from whom damages are claimed, and upon the insurance carrier that has insured against the liability, if the insurance carrier is known.

21.     Upon information and belief, PAS failed to serve a copy of the lien by registered mail upon the tortfeasor.

22.     Upon information and belief, PAS failed to serve a copy of the lien by registered mail upon the tortfeasor's insurance carrier, State Farm.

23.     On or about January 18, 2017, Plaintiff's insurer, USAA, paid MSRMC, $5,795.24, leaving a balance of $1,487.60.

24.     Despite the payment a mere eight (8) days after the recording of the lien, PAS failed to file any modification thereof.

25.     In or about the end of 2018, Plaintiff and State Farm began negotiations to settle Plaintiff's bodily injury action against State Farm's insured.

26.     Upon information and belief, as a result of such negotiations, State Farm became aware of the lien.

27.     The existence of the lien was unknown to Plaintiff until same was brought to the attention of State Farm's attorney.

28.     PAS never filed a modification of the lien.

29.     PAS never notified State Farm of the lien.

30.     PAS never notified State Farm's insured of the lien.

31.     PAS never notified Plaintiff of the lien.

32.     The incorrect amount of the lien caused substantial disagreement between State Farm and Plaintiff.

33.     The lien caused substantial delay in the settlement of Plaintiff's bodily injury action.

34.     The lien caused Plaintiff aggravation and lost time.

35.     The lien caused Plaintiff's attorney to expend substantial time and resources in resolving the lien.

36.     The lien caused Plaintiff's attorney to expend substantial time and resources in resolving Plaintiff's bodily injury action.

3

## FIRST COUNT
### Violation of 15 U.S.C. § 1692e(2)(A)

37.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

38.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

39.     PAS's failure to file a modification of the lien to reflect the correct amount is a false representation of the character of the Debt in violation of 15 U.S.C. § 1692e(2)(A).

40.     PAS's failure to file a modification of the lien to reflect the correct amount is a false representation of the amount of the Debt in violation of 15 U.S.C. § 1692e(2)(A).

41.     PAS's failure to file a modification of the lien to reflect the correct amount is a false representation of the legal status of the Debt in violation of 15 U.S.C. § 1692e(2)(A).

42.     For the foregoing reasons, PAS violated Sections 1692e(2)(A) of the FDCPA and is liable to Plaintiff therefor.

## SECOND COUNT
### Violation of 15 U.S.C. §§ 1692e and 1692e(10)

43.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

44.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

46.     PAS's failure to serve a copy of the lien by registered mail upon State Farm as required by AS § 34.35.460 is a deceptive means employed by PAS in connection with the collection of the Debt in violation of 15 U.S.C. § 1692e.

47.     PAS's failure to serve a copy of the lien by registered mail upon State Farm's insured as required by AS § 34.35.460 is a deceptive means employed by PAS in connection with the collection of the Debt in violation of 15 U.S.C. § 1692e.

48.     PAS's failure to serve a copy of the lien by registered mail upon State Farm as required by AS § 34.35.460 is a deceptive means employed by PAS in its attempted collection of the Debt in violation of 15 U.S.C. § 1692e(10).

4

49.     PAS's failure to serve a copy of the lien by registered mail upon State Farm's insured as required by AS § 34.35.460 is a deceptive means employed by PAS in its attempted collection of the Debt in violation of 15 U.S.C. § 1692e(10).

50.     For the foregoing reasons, PAS violated Sections 1692e and 1692e(10) of the FDCPA and is liable to Plaintiff therefor.


## THIRD COUNT
### Violation of 15 U.S.C. §§ 1692f(1) and 1692f(6)(A)

51.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

52.     15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

53.     15 U.S.C. § 1692f(1) prohibits the attempted collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

54.     PAS's lien was in an amount that was not expressly authorized by the agreement creating the Debt, in violation of 15 U.S.C. § 1692f(1).

55.     PAS's lien was in an amount that was not permitted by law, in violation of 15 U.S.C. § 1692f(1).

56.     15 U.S.C. § 1692f(6)(A) prohibits a debt collector from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest.

57.     Money due to Plaintiff is Plaintiff's property in the context of 15 U.S.C. § 1692f(6)(A).

58.     Money due to Plaintiff as a result of Plaintiff's bodily injury action is Plaintiff's property in the context of 15 U.S.C. § 1692f(6)(A).

59.     PAS's maintenance of a lien in the amount of $7,282.84 when there was no right to a lien in that amount it an attempt to take Plaintiff's property in violation of 15 U.S.C. § 1692f(6)(A).

60.     PAS's maintenance of a lien in the amount of $7,282.84 when there was no right to a lien in that amount it a threat to take Plaintiff's property in violation of 15 U.S.C. § 1692f(6)(A).

61.     For the foregoing reasons, PAS violated Sections 1692f(1) and 1692f(6)(A) of the FDCPA and is liable to Plaintiff therefor.

Barshay Sanders PLLC

5

## FOURTH COUNT
### Violation of AS § 45.50.471

62.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

63.     AS § 45.50.471 declares unfair or deceptive acts or practices in the conduct of trade or commerce to be unlawful.

64.     AS § 45.50.471 applies to debt collection practices.

65.     PAS, as an independent debt collector, is subject to The Alaska Act. *State v. O'Neill Investigations, Inc.*, 609 P.2d 520, 524 (Alaska 1980).

66.     PAS's failure to serve a copy of the lien by registered mail upon State Farm as required by AS § 34.35.460 is an unfair and deceptive act and/or practice in violation of AS § 45.50.471.

67.     PAS's failure to serve a copy of the lien by registered mail upon State Farm's insured as required by AS § 34.35.460 is an unfair and deceptive act and/or practice in violation of AS § 45.50.471.

68.     PAS's failure to file a modification of the lien to reflect the correct amount is an unfair and deceptive act and/or practice in violation of AS § 45.50.471.

69.     PAS's maintenance of a lien in the amount of $7,282.84 when there was no right to a lien in that amount is an unfair and deceptive act and/or practice in violation of AS § 45.50.471.

70.     For the foregoing reasons, PAS violated Section 45.50.471 of The Alaska Act and is liable to Plaintiff therefor.

### CLASS ALLEGATIONS

71.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Alaska.

72.     Plaintiff seeks to certify three (3) classes:

   a.   All consumers upon which PAS recorded a Notice of Hospital Lien but did not serve a copy of the notice of lien by registered mail upon the person alleged to be responsible for causing the injury.

   b.   All consumers upon which PAS recorded a Notice of Hospital Lien but did not serve a copy of the notice of lien by registered mail upon the insurance carrier that has insured against the liability.

   c.   All consumers upon which PAS recorded a Notice of Hospital Lien but did not file a modification of the lien to reflect the corrected amount

6

after a partial payment of the medical bills encompassed in such lien.

73.    This action seeks a finding that PAS's conduct violates the FDCPA and The Alaska Act, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k and AS § 45.50.531.

74.    The Class consists of more than thirty-five persons.

75.    Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

76.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. PAS has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

77.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because PAS's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

78.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

    a.   Certifying this action as a class action; and

    b.   Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

    c.   Finding Defendant's actions violate the FDCPA and The Alaska Act; and

7

d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k and AS § 45.50.531; and

e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k and AS § 45.50.531; and

f. Granting Plaintiff's costs; all together with

g. Such other relief that the Court determines is just and proper.

DATED: May 20, 2019

**LAW OFFICES OF WILLIAM DENNIE COOK, P.C.**

By: ___/s/ William Cook___
William Cook, Esq.
P.O. Box 1
Eagle River, Alaska 99577-0001
Tel: (907) 694-2000
Fax: (907 694-2024
*Attorneys for Plaintiff*

David M. Barshay, Esq. (*Pro Hac Vice to be submitted*)
Barshay Sanders, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
dbarshay@barshaysanders.com
*Attorneys for Plaintiff*

8